UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENAS
N-19-2-179 (7) #1216
N-19-2-179 (8) #1217

Case No.   3:20MJ718SALM

**Filed Under Seal**

### APPLICATION FOR ORDER COMMANDING PROVIDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENAS

The United States requests that the Court order: (7) Microsoft Corporation; (8) TextMe, Inc. (hereinafter "the Providers"), respectively, not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of grand jury subpoena **N-19-2-179 (7) #1216, N-19-2-179 (8) #1217** (hereinafter "the Subpoenas"), respectively, for a period of six months, through and including February 24, 2021.

Each of the Providers are providers of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoenas, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoenas require each of the Providers to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*.

In this case, such an order would be appropriate because the Subpoena relates to an ongoing investigation being conducted by the U.S. Secret Service into online fraud targeting vulnerable individuals including at least one individual in Connecticut. The ongoing

investigation is neither public nor known to the remaining targets of the investigation. Disclosure of the Subpoenas may alert targets to the ongoing investigation. If the target were to be alerted about the Subpoenas and the existence of a federal investigation, it could cause him to destroy evidence, flee, or otherwise engage in obstruction of justice. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is believed to be stored electronically. If alerted to the existence of the Subpoenas, the subjects under investigation could destroy that evidence, including information saved to their personal computers or devices.

WHEREFORE, the United States respectfully requests that the Court grant the attached Orders directing each of the Provider not to disclose the existence or content of the respective Subpoena for a period of six months, through and including February 24, 2021, except that each of the Providers may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

The United States further requests, in accordance with Local Rule 57 of the Local Rules of Criminal Procedure, that the Court order that this application and any resulting orders be sealed for a period of six months, through and including February 24, 2021. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the

target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on August 24, 2020.

                                            JOHN H. DURHAM
                                            UNITED STATES ATTORNEY

KONSTANTIN LANTSMAN
Digitally signed by KONSTANTIN LANTSMAN
Date: 2020.08.24 12:23:34 -04'00'

_____
KONSTANTIN LANTSMAN
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv10692
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700